IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re:<br><br>MELISSA ELAINE ANDERSON,<br><br>DEBTOR<br><br>RICHARD JAMES HOFFMASTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>MELISSA ELAINE ANDERSON,<br><br>DEFENDANT. | Bankruptcy No. 18-42484-MJH<br><br>Adversary No. _____<br><br>COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. §523 |

The Complaint of Richard James Hoffmaster, Plaintiff herein, alleges as follows:

**Parties**

1. Plaintiff Richard James Hoffmaster (hereafter "Hoffmaster") is a creditor of the Debtor Melissa Elaine Anderson. He is listed as Creditor 4.12 on Debtor's Schedule E/F (Dkt. #1).

2. Defendant Melissa Elaine Anderson (hereafter "Anderson") is the Debtor in bankruptcy case no. 18-42484, filed on July 18, 2018.

Complaint  Page 1 of 10

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334, and 11 U.S.C. §523. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**Background and Facts**

5. The Debtor is an individual. According to her sworn bankruptcy schedules, Anderson is not married as of the petition date and has not lived with a spouse or legal equivalent in a community property state within the last 8 years.

6. Anderson is a repeat filer and all of her previous cases were filed in the Western District of Washington:

    a. Case Number 88-31892, Chapter 7 filed in Washington Western Bankruptcy Court on 05/10/1988, Standard Discharge on 08/10/1988;

    b. Case Number 92-35265, Chapter 7 filed in Washington Western Bankruptcy Court on 12/01/1992, Standard Discharge on 03/09/1993.

    c. Case Number 99-30545, Chapter 7 filed in Washington Western Bankruptcy Court on 01/22/1999, Standard Discharge on 04/27/1999; and

    d. Case Number 07-42593, Chapter 13 filed in Washington Western Bankruptcy Court on 08/14/2007, Standard Discharge on

09/02/2010.

7. Hoffmaster met Anderson in July 2015. He was involved in a motor vehicle accident. He was left unable to drive and perform daily duties without assistance due to injuries he sustained as a result of the accident.

8. Anderson agreed to be his Loss of Service Assistant to drive, run errands, and assist in daily duties/activities. She was adequately compensated by the insurance company for her efforts. She additionally agreed to perform domestic assistance and assist with other items not related to Hoffmaster's disability, including his finances.

9. In December 2015, Hoffmaster's residence was burglarized while Hoffmaster was out of town. Anderson was the only individual with access to the house while he was away.

10. In January 2016, Anderson disclosed she was experiencing financial difficulties. Hoffmaster offered to allow her to stay at his residence free of rent in exchange for payment of four utility bills (totaling not more than $350 per month). Any hours not paid by the insurance company under the loss of service benefits would be considered part of her rent duties to lower her obligation (with Hoffmaster paying the difference directly to the individual creditors).

11. In February 2016, Anderson gave notice on her apartment in Olympia and moved to Hoffmaster's residence. There was no formal lease or contract between the parties.

12. Still finding herself in a dire financial situation, Anderson looked to

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Hoffmaster for assistance. Despite being completely disabled and his income being solely disability benefits, Hoffmaster had access to a Home Equity Line of Credit secured on his residence with Sound Credit Union, of which Anderson was aware. At the time that Anderson moved into the residence, he owned his residence free and clear of liens, but for the HELOC.

13. Using her knowledge of Hoffmaster's condition, Hoffmaster alleges that Anderson induced him to signing a promissory note and offering to consolidate all of her outstanding debts into a single payment to him. The source of funds would be withdrawals from the Sound Credit Union HELOC. A true and correct copy of the promissory note is attached hereto as Exhibit 1. The maximum principal amount of the loan was $50,000, to be repaid at 12% APR over 60 months, but that the actual amount would vary based on Anderson's requested draws. The minimum payment of principal and interest to be received by Hoffmaster from Anderson was $1,500 per month, with the first payment due on March 1, 2016.

14. Prior to signing the promissory note, Anderson assured Hoffmaster that her financial troubles were not typical of her spending habits. After review of her bills, Hoffmaster suggested she just file bankruptcy and get a fresh start. She stated on multiple occasions that she did not "believe in bankruptcy" and that she had never filed before and would like to avoid the stigma of filing for bankruptcy. He understood her position and therefore agreed to loan her sufficient funds to pay off all her then outstanding bills saving her from a bankruptcy. But for Anderson's assurances and promises to pay the loan in full, Hoffmaster would not have

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

entered into the promissory note, loaned her any money, or allowed her to live with him without a formal lease or other contract. As stated in Paragraph 6 above, Anderson misrepresented that she has not filed [numerous] bankruptcies and her representations of Hoffmaster that she did not "believe in bankruptcy" was a material misrepresentation in order to induce him to loan her money.

15. Anderson made representations to Hoffmaster that she was a member of several class action law suits and entitled to IRS tax refunds that would be sufficient to repay the $50,000 promissory note in full, with interest, in the 60 month time frame contemplated by the note. These income streams were in addition to her regular and ongoing employment, as well as income received through her ministerial work and as Hoffmaster's loss of service assistant. However, Anderson's Schedule I lists her net monthly income as $2,311.46; she lists no additional income from settlements or ministerial work on Schedule I and it is unclear whether this income was included in her Statement of Financial Affairs. But for Anderson's representations to him of her income, Hoffmaster would not have entered into the promissory note, loaned her any money, or allowed her to live with him without a formal lease or other contract.

16. Anderson represented to Hoffmaster that she owned a double wide mobile home, free and clear of any liens. She represented that she had transferred the title to her kids at sometime within the past 8 years, but that she maintained ownership and control of the home as well. This asset is not listed on Schedule A/B. But for Anderson's representations regarding her assets, Hoffmaster would

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

not have entered into a promissory note, loaned her any money, or allowed her to live with him without a formal lease or other contract.

17. Pursuant to the terms of the promissory note and in reliance on her representations, Hoffmaster made the distributions to or on behalf of Anderson as identified in the attached loan history (Exhibit 2). Hoffmaster disbursed a total of $38,399.36 to Anderson or Anderson's creditors, and she incurred interest in the amount of $8,084.29. Anderson received credit for various expenses she paid on behalf of Hoffmaster, including payments to his credit cards and towards the HELOC. She paid is credited a total of $17,410.31 through the petition date. The balance of the loan as of the petition date was **$29,073.34**.

18. A portion of those funds disbursed paid off Anderson's prior vehicle (a Kia), which enabled her to purchase a new 2016 Subaru Forester in April 2016. It is also believed that the funds were used as part of the down payment on that vehicle or as a trade in. The Subaru is secured by a loan from Alaska USA FCU in the amount of $20,916.00. The Debtor entered into a reaffirmation agreement for this vehicle (Dkt. #9), which was signed by her attorney that, even though there was a presumption of undue hardship, the Debtor could make the monthly payment. It is unknown whether the Hoffmaster loan was disclosed to Alaska USA FCU prior to the making of their loan and the effect, if any, it would have had on their decision to make the loan and then enter into the reaffirmation agreement.

19. Anderson represented to Hoffmaster that the following debts were paid in full by disbursements he made to her: Barclay's Bank DE, Capital One,

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Chase Freedom Card, Citibank Shell Card, Comenity Bank, Citibank Costco Card, Discover Card, Lending Club, JC Penny, Amazon, PayPal, and Wal-Mart. She represented to him that these accounts were paid and closed at her request in 2016 and 2017, and that she would not incur any additional debt apart from his consolidation loan. Specifically, as to the Lending Club debt, Anderson stated that she did not qualify for Lending Club's short-term loans and that she would not enter into one due to the high interest rate; part of her reason for consolidating her debts with Hoffmaster was to escape this lending cycle. However, all of these accounts appear on her Schedule E/F as having been incurred prior to 2017 and during the period in which Hoffmaster made disbursements to her.

**Causes of Action**

20. First Cause of Action: Nondischarge by reason of false pretenses, false representations, and/or actual fraud under 11 U.S.C. §523(a)(2)(A).

    a. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations and statements made in Paragraphs 5-19, as if set forth individually in the First Cause of Action.

    b. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, a debt incurred by a debtor "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - (A) false pretenses, a false representation, or actual fraud" is not dischargeable.

    c. Here, Anderson made multiple material misrepresentations

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

1 regarding her income, assets, debts, and prior bankruptcy filings to Hoffmaster prior to signing the promissory note and during the disbursement period. But for these representations, Hoffmaster would not have entered into a promissory note, loaned her any money, or allowed her to live with him without a formal lease or other contract.

    d. Accordingly, the obligation is not dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

21. Second Cause of Action: Nondischarge by reason of fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. §523(a)(4).

    a. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations and statements made in Paragraphs 5-19, as if set forth individually in the Second Cause of Action.

    b. Pursuant to Section 523(a)(4) of the Bankruptcy Code, a debt incurred by a debtor based upon "fraud or defalcation while acting in a fiduciary capacity" is not dischargeable.

    c. Anderson was in a position of trust relative to Hoffmaster. Anderson was engaged to be his Loss of Service assistant following a traumatic motor vehicle accident that left him permanently disabled. She had unique access to Hoffmaster and she used that relationship to fraudulently manipulate him into extending the loan and making disbursements to her and her

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

|   |   |
|---|---|
| 1 | creditors. |
| 2 | d. Accordingly, the obligation is not dischargeable pursuant to 11 |
| 3 | U.S.C. §523(a)(4). |

22. Third Cause of Action: Nondischarge by reason of willful and malicious injury under 11 U.S.C. §§523(a)(6)

   a. Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations and statements made in Paragraphs 5-19, as if set forth individually in the Third Cause of Action.

   b. Pursuant to Section 523(a)(6) of the Bankruptcy Code, a debt incurred by a debtor based upon the "willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable.

   c. While supposedly entering into the promissory note with Hoffmaster to consolidate her debts to avoid filing her first bankruptcy, Anderson intentionally, maliciously, and in bad faith took Hoffmaster's money and used the funds indiscriminately. She continued to incur debt in the 18 months prior to the bankruptcy filing to buy time until she would be eligible for a Chapter 7 discharge following her previous (undisclosed) bankruptcy.

   d. Her malice was demonstrated when she refused to repay the loan (or make any of the scheduled loan payments of $1,500.00

VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

| | monthly). She lacked any intent to repay the loan in concealing that her net income was only $2,311.46, which would make repayment not feasible. |
|---|---|
| | e. This action was willful, intentional, malicious, and aimed to deprive Hoffmaster of the equity in his home, his Social Security income, his insurance benefit for a Loss of Service assistant. |
| | f. Anderson's actions and fraudulent misrepresentations caused him injury in the amount of $29,073.34 as calculated through the petition date. |

23. Hoffmaster reserves the right to assert additional bases for this pleading.

**Prayer for Relief**

Wherefore, the Plaintiff prays for a judgment that the debt is not discharged under Section 523 or any other provision of the Bankruptcy Code; for an award of attorney's fees against the Debtor; and for such further and other relief as deemed just in the premises.

Dated this 11th day of October, 2018, at Seattle, Washington.

/s/ Kathryn P. Scordato
Kathryn P. Scordato, WSBA #41922
Larry B. Feinstein, WSBA #6074
Attorneys for Richard Hoffmaster

Complaint		Page 10 of 10		VORTMAN & FEINSTEIN
2033 SIXTH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

# Melissa Anderson - Loan History Report
## as of July 18, 2018

| Disbursement Date | Amount | Recipient of Funds and Intended Use | Payments Received | Amount | Balance |
|---|---|---|---|---|---|
| 1/14/2016 | $ 929.65 | Capital One Credit Card | | | $ 929.65 |
| 2/22/2016 | $ 18,880.07 | Anderson – Direct Payment with Cashier's Check to pay off balances of her debts | | | $ 19,809.72 |
| 2/25/2016 | $ 2,442.05 | Barclay Credit Card | | | $ 22,251.77 |
| 2/25/2016 | $ 237.72 | JC Penny Credit Card | | | $ 22,489.49 |
| | $ 224.89 | Interest for March 2016 | | | $ 22,714.38 |
| 3/1/2016 | $ 750.00 | Anderson – Last month rent at Olympia apartment | | | $ 23,464.38 |
| | | | 3/2/2016 | $ (750.00) | $ 22,714.38 |
| 3/28/2016 | $ 971.76 | Hewlett Packard | | | $ 23,686.14 |
| | $ 236.86 | Interest for April 2016 | | | $ 23,923.01 |
| | | | 4/1/2016 | $ (971.76) | $ 22,951.25 |
| | | | 4/11/2016 | $ (26.00) | $ 22,925.25 |
| | | | 4/26/2016 | $ (27.00) | $ 22,898.25 |
| 4/29/2016 | $ 1,730.18 | Puyallup Subaru to pay off Anderson's Kia | | | $ 24,628.43 |
| | $ 246.28 | Interest for May 2016 | | | $ 24,874.71 |
| | | | 5/1/2016 | $ (700.00) | $ 24,174.71 |
| | | | 5/11/2016 | $ (50.00) | $ 24,124.71 |
| | | | 5/11/2016 | $ (600.00) | $ 23,524.71 |
| 5/25/2016 | $ 4,500.00 | Anderson – To pay Discover Card and Kia payment | | | $ 28,024.71 |
| | | | 5/26/2016 | $ (184.95) | $ 27,839.76 |
| | | | 5/27/2016 | $ (1,731.00) | $ 26,108.76 |
| | $ 261.09 | Interest for June 2016 | | | $ 26,369.85 |
| | | | 6/7/2016 | $ (200.00) | $ 26,169.85 |
| | | | 6/14/2016 | $ (340.00) | $ 25,829.85 |
| | | | 6/14/2016 | $ (50.00) | $ 25,779.85 |
| | | | 6/28/2016 | $ (50.00) | $ 25,729.85 |
| | $ 257.30 | Interest for July 2016 | | | $ 25,987.15 |
| | | | 7/1/2016 | $ (783.00) | $ 25,204.15 |
| 7/9/2016 | $ 5,164.07 | Capital One Credit Card | | | $ 30,368.22 |
| | | | 7/12/2016 | $ (22.75) | $ 30,345.47 |
| | | | 7/12/2016 | $ (15.00) | $ 30,330.47 |
| | | | 7/25/2016 | $ (548.00) | $ 29,782.47 |
| | | | 7/25/2016 | $ (50.00) | $ 29,732.47 |
| | $ 297.32 | Interest for August 2016 | | | $ 30,029.79 |
| | | | 8/1/2016 | $ (550.00) | $ 29,479.79 |
| | | | 8/8/2016 | $ (28.00) | $ 29,451.79 |
| | $ 294.52 | Interest for September 2016 | | | $ 29,746.31 |
| | | | 9/25/2016 | $ (475.00) | $ 29,271.31 |
| | | | 9/25/2016 | $ (100.00) | $ 29,171.31 |
| | $ 291.71 | Interest for October 2016 | | | $ 29,463.02 |
| | | | 10/7/2016 | $ (50.00) | $ 29,413.02 |
| 10/25/2016 | $ 2,563.86 | Anderson – To pay Chase Credit Card | | | $ 31,976.88 |
| | | | 10/29/2016 | $ (60.00) | $ 31,916.88 |
| | | | 10/30/2016 | $ (795.00) | $ 31,121.88 |
| | $ 311.22 | Interest for November 2016 | | | $ 31,433.10 |
| | | | 11/1/2016 | $ (640.00) | $ 30,793.10 |
| | | | 11/15/2016 | $ (36.75) | $ 30,756.35 |
| | | | 11/27/2016 | $ (363.00) | $ 30,393.35 |
| | | | 11/29/2016 | $ (60.00) | $ 30,333.35 |

# Melissa Anderson - Loan History Report
## as of July 18, 2018

| Disbursement Date | Amount | | Recipient of Funds and Intended Use | Payments Received | Amount | | Balance |
|---|---|---|---|---|---|---|---|
| | $ | 303.33 | Interest for December 2016 | | | | $ 30,636.68 |
| | | | | 12/6/2016 | $ | (795.00) | $ 29,841.68 |
| | | | | 12/18/2016 | $ | (35.00) | $ 29,806.68 |
| | | | | 12/26/2016 | $ | (479.00) | $ 29,327.68 |
| | | | | 12/26/2018 | $ | (60.00) | $ 29,267.68 |
| | $ | 292.68 | Interest for January 2017 | | | | $ 29,560.36 |
| 1/10/2017 | $ | 230.00 | Capital One Credit Card | | | | $ 29,790.36 |
| | | | | 1/28/2017 | $ | (539.50) | $ 29,250.86 |
| | | | | 1/28/2017 | $ | (60.00) | $ 29,190.86 |
| | | | | 1/28/2017 | $ | (230.00) | $ 28,960.86 |
| | $ | 289.61 | Interest for February 2017 | | | | $ 29,250.47 |
| | | | | 2/14/2017 | $ | (24.50) | $ 29,225.97 |
| | | | | 2/25/2017 | $ | (89.60) | $ 29,136.37 |
| | | | | 2/25/2017 | $ | (440.00) | $ 28,696.37 |
| | $ | 286.96 | Interest for March 2017 | | | | $ 28,983.33 |
| | | | | 3/12/2017 | $ | (60.00) | $ 28,923.33 |
| | | | | 3/25/2017 | $ | (60.00) | $ 28,863.33 |
| | | | | 3/28/2017 | $ | (200.00) | $ 28,663.33 |
| | $ | 286.63 | Interest for April 2017 | | | | $ 28,949.97 |
| | | | | 4/10/2017 | $ | (60.00) | $ 28,889.97 |
| | | | | 4/28/2017 | $ | (25.00) | $ 28,864.97 |
| | | | | 4/28/2017 | $ | (200.00) | $ 28,664.97 |
| | $ | 286.65 | Interest for May 2017 | | | | $ 28,951.62 |
| | | | | 5/11/2017 | $ | (60.00) | $ 28,891.62 |
| | | | | 5/25/2017 | $ | (50.00) | $ 28,841.62 |
| | | | | 5/25/2017 | $ | (300.00) | $ 28,541.62 |
| | $ | 285.42 | Interest for June 2017 | | | | $ 28,827.03 |
| | | | | 6/10/2017 | $ | (50.00) | $ 28,777.03 |
| | | | | 6/26/2017 | $ | (50.00) | $ 28,727.03 |
| | | | | 6/26/2017 | $ | (300.00) | $ 28,427.03 |
| | $ | 284.27 | Interest for July 2017 | | | | $ 28,711.30 |
| | | | | 7/10/2017 | $ | (30.00) | $ 28,681.30 |
| | | | | 7/28/2017 | $ | (30.00) | $ 28,651.30 |
| | | | | 7/28/2017 | $ | (250.00) | $ 28,401.30 |
| | $ | 284.01 | Interest for August 2017 | | | | $ 28,685.32 |
| | | | | 8/10/2017 | $ | (50.00) | $ 28,635.32 |
| | | | | 8/25/2017 | $ | (50.00) | $ 28,585.32 |
| | | | | 8/25/2017 | $ | (300.00) | $ 28,285.32 |
| | $ | 282.85 | Interest for September 2017 | | | | $ 28,568.17 |
| | | | | 9/12/2017 | $ | (50.00) | $ 28,518.17 |
| | | | | 9/25/2017 | $ | (30.00) | $ 28,488.17 |
| | | | | 9/25/2017 | $ | (250.00) | $ 28,238.17 |
| | $ | 282.38 | Interest for October 2017 | | | | $ 28,520.55 |
| | | | | 10/9/2017 | $ | (75.00) | $ 28,445.55 |
| | | | | 10/10/2017 | $ | (50.00) | $ 28,395.55 |
| | | | | 10/25/2017 | $ | (15.00) | $ 28,380.55 |
| | | | | 10/25/2017 | $ | (250.00) | $ 28,130.55 |
| | | | | 10/30/2017 | $ | (1,155.50) | $ 26,975.05 |

# Melissa Anderson - Loan History Report
## as of July 18, 2018

| Disbursement Date | Amount | Recipient of Funds and Intended Use | Payments Received | Amount | Balance |
|---|---|---|---|---|---|
| | $ 269.75 | Interest for November 2017 | | | $ 27,244.80 |
| | | | 11/29/2017 | $ (200.00) | $ 27,044.80 |
| | $ 270.45 | Interest for December 2017 | | | $ 27,315.25 |
| | $ 273.15 | Interest for January 2018 | | | $ 27,588.40 |
| | | | 1/10/2018 | $ (200.00) | $ 27,388.40 |
| | $ 273.88 | Interest for February 2018 | | | $ 27,662.29 |
| | $ 276.62 | Interest for March 2018 | | | $ 27,938.91 |
| | $ 279.39 | Interest for April 2018 | | | $ 28,218.30 |
| | $ 282.18 | Interest for May 2018 | | | $ 28,500.48 |
| | $ 285.00 | Interest for June 2018 | | | $ 28,785.49 |
| | $ 287.85 | Interest for July 2018 | | | $ 29,073.34 |
| | | | | | |
| **Totals** | **$ 46,483.65** | | | **$ (17,410.31)** | **$ 29,073.34** |
| Interest Total | $ 8,084.29 | | | | |
| Principal Total | $ 38,399.36 | | | | |

# 2pg Promissory Installment Note

**Date:** Feb- 20 -16      **Borrower:** Melissa Anderson

**Borrower's Address:** P.O. Box 844 Redmond, WA 98073

**Payee:** Richard J Hoffmaster (or assignee)

**Place for Payment:** Any Sound Credit Union (or their assiginees)

**Principal Amount:** $50,000   **Term:** 60 months

**INTEREST RATE:** Annual interest rate on matured, unpaid amounts shall be subject to interest at __12__ per/cent per annum, but not to exceed the maximum amount of interest permitted by the Laws of the State of Washington.

**PAYMENT TERMS.** This Note is due and payable as follows, to-wit: __40__ equal monthly payments of a minimum of $__$1,500__ principal and interest. The first such payment due and payable on the 1st day of __March__, __2016__, and a like installment shall be due and payable on the same day of each succeeding month thereafter until the total principal of $__50,000__ principal is paid in full. If each payment is not paid on time, the remaining balance will be subject to interest at __12__ percent per annum, but not to exceed the maximum amount of interest permitted by the Laws of the State of Washington.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, without penalty.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE.** If Borrower defaults in the payment of this Note or in the performance of any obligation, and the default continues after Payee gives Borrower notice of the default and the time within which it must be cured, as may be required by law or written agreement, then Payee may declare the unpaid principal balance and earned interest on this Note immediately due. Borrower and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intentions to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE INSTALLMENTS AND CHARGES.** All past due installments of principal and/or interest and/or all other past-due incurred charges shall bear interest after maturity at the maximum amount of interest permitted by the Laws of the State of Washington until paid. Failure by Borrower to remit any payment by the 15th day following the date that such payment is due entitles the Payee hereof to declare the entire principal and accrued interest immediately due and payable. Payee's forbearance in enforcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

**INTEREST.** Interest on this debt evidenced by this Note shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of the maximum shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the holder and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the payee and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the State of Washington.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this __20th__ day of __February__, __2016__.

[Borrower's Signature:] _Melissa Anderson_

[Borrower's Printed or Typed Name]: _Melissa Anderson_

State of Washington
County of __King__

Signed or attested before me on __20th__ day of __February__ 2016, by __Melissa Anderson__

_Joseph Herman_
Notary Public in and for the state of Washington, residing in __Snohomish__
My appointment expires __March 27, 2018__

```
Notary Public
State of Washington
JOSEPH I HERMAN
My Appointment Expires Mar 27, 2018
```